UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CALVIN DEWAYNE HARPER,<br><br>    Defendant. | Case No. 18-cr-20524<br>Honorable Laurie J. Michelson |

---

## ORDER GRANTING UNITED STATES' MOTION TO AMEND ORDER DENYING MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255 [28]

Calvin DeWayne Harper pleaded guilty in November 2018 to possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 43 months in February 2019. (ECF No. 21.) He filed a motion in May 2020, to vacate his conviction under 28 U.S.C. § 2255 based on the Supreme Court's June 2019 decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (ECF No. 22, PageID.84.) In *Rehaif*, the Supreme Court held that in prosecutions under 18 U.S.C. § 922(g), the government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Rehaif*, 139 S. Ct. at 2194. In his motion, Harper argued that he was never advised of the status element during his plea. (ECF No. 22, PageID.84.) He further claimed that he never admitted that he knew, at the time he possessed the firearm, that he had been convicted of a crime for which the punishment exceeded one year. (*Id.*)

The Court denied Harper's § 2255 motion. (ECF No. 24.) The Court found that there was no basis to vacate Harper's conviction because the Supreme Court did not make *Rehaif* retroactively applicable to cases on collateral review. (*Id.*)

The Government, though, filed a motion to amend the Court's order. (ECF No. 25.) The Government correctly pointed out that the Court had relied on cases involving second or successive habeas petitions, while Harper's case involved only an initial motion to vacate. The two scenarios involve different standards for analyzing whether *Rehaif* should be applied retroactively to cases on collateral review. The Sixth Circuit has not yet ruled on the issue, and while district courts within the Circuit have found that *Rehaif* does not apply retroactively even to initial § 2255 motions, *e.g., United States v. Mock*, No. 18-CR-136, 2019 WL 6324625, at *6 (S.D. Ohio Nov. 26, 2019), *report and recommendation adopted*, 2019 WL 6893772 (S.D. Ohio Dec. 18, 2019), the Government took a contrary view here.[1] The Government argued that the *Rehaif* decision narrowed the range of conduct or the class of persons that the law punishes under 18 U.S.C. § 922(g)(1). (ECF No. 25, PageID.168.) Thus, the Government was prepared to acknowledge that *Rehaif* announced a new substantive rule that applies retroactively to initial motions to vacate under § 2255(f)(3) and asked the Court to so find. (*Id*.) So the Court agreed to vacate its order denying Harper's motion to vacate on the ground that *Rehaif* did not apply retroactively. (ECF No. 24.)

But the Government further argued that the Court was ultimately correct to deny Harper's motion. Even if Harper's motion was timely, said the Government, his claim that his plea was constitutionally invalid because he did not admit knowledge of his felony status at the time he

---

[1] The Sixth Circuit recently issued a certificate of appealability on the issue of the retroactivity of *Rehaif* to cases on collateral review, where the district court denied a defendant's motion to amend an initial § 2255 motion to raise a *Rehaif* claim. *Baker v. United States*, No. 19-6025, 2020 U.S. App. LEXIS 8025 at *9 (6th Cir. Mar. 12, 2020).

possessed the firearm, is procedurally defaulted (because it was not raised on direct appeal) and meritless. (ECF No. 28, PageID.169–173.)

Harper did not address these issues in his motion. So the Court gave Harper until August 10, 2020 to respond to the Government's merits arguments. (ECF No. 24.) That deadline has passed with no response from Harper.

Thus, Harper has not addressed whether cause and prejudice excuse his failure to raise prior to his guilty plea and sentencing, or on direct appeal, his lack of knowledge of his felony status. Nor has he demonstrated actual innocence, i.e., presented "new reliable" evidence showing that "it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 324 327–28 (1995). To the contrary, the Government identifies ample evidence from which a rational juror could have inferred that Harper knew he had previously been convicted of a crime punishable by more than a year. For one, he signed a form prior to his release on parole by the Michigan Department of Corrections in 2013 that notified him that "as a convicted felon" he is subject to certain federal firearms statutes prohibiting the possession of a firearm. (ECF No. 28, PageID.171.) For another, Harper has six prior felony convictions, including one for which he served six years in prison. (ECF No 28, PageID.171-172.) He admitted his prior convictions at the plea hearing. (ECF No. 17, PageID.33-34.) And while an admission to a prior felony conviction "does not automatically establish knowledge of felony status, it is strongly suggestive of it." *United States v. Conley*, 802 Fed. App'x 919, 923 (6th Cir. 2020). Thus, as the Government argues, "it is unreasonable to believe that Harper did not know of his status as a felon." (ECF No. 28, PageID.172.)

For these same reasons, and irrespective of procedural default or actual innocence, even if the Court erred by failing to establish that Harper knew of his status as a prohibited person before

accepting his guilty plea, Harper cannot demonstrate the error "had a substantial and injurious effect or influence on the guilty plea." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). Again, given that Harper spent over six years in prison for one of his convictions and the parole form that he signed indicating he had been convicted of a felony, it is not plausible that he was unaware that he is a person who had "been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year," 18 U.S.C. § 922(g)(1), nor is it plausible that he would have changed his plea on that basis.

In sum, whether or not *Rehaif* applies retroactively to cases on initial collateral review, it does not warrant vacating Harper's conviction. So the Court GRANTS IN FULL the Government's Motion to Amend the Order Denying Motion to Vacate Sentence Under 28 U.S.C. § 2255.[2]

IT IS SO ORDERED.

Dated: September 9, 2020

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 9, 2020.

s/Erica Karhoff
Case Manager to the
Honorable Laurie J. Michelson

---

[2] No evidentiary hearing is needed because "the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255(b).